UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SABRINA L. ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV106 RLW |
| | ) |
| U.S. BANK HOME MORTGAGE | ) |
| d/b/a U.S. BANK, N.A., | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant U.S. Bank's Motion for Summary Judgment. (ECF No. 39) The motion is fully briefed and ready for disposition. Upon review of the motion and related documents, the Court will grant summary judgment in favor of the Defendant.

## I. Background

On July 2, 2012, Plaintiff obtained a loan from DAS Acquisition Company, LLC and signed a promissory note ("Note") in the amount of $85,080.00. (Def.'s Statement of Uncontroverted Material Facts ["SUMF"] ¶ 1, ECF No. 41) The servicing of the loan was assigned to Defendant U.S. Bank Home Mortgage ("U.S. Bank") on August 7, 2012. (*Id.* at ¶ 2) The Note was a promise to repay a loan and included principal, interest, taxes, and insurance; however, Plaintiff did not believe such was the case and felt that payments on the loan were a mistake. (Def.'s SUMF ¶¶ 3-5; Pl.'s Response ¶¶ 3-5, ECF No. 45) Also on July 2, 2012, Plaintiff signed a Deed of Trust, which encumbered the property located at 6628 Derby Place, Florissant, MO 63033 ("Property") and secured repayment of the Note. (Def.'s SUMF ¶ 6) However, Plaintiff only briefly reviewed the Deed of Trust. (Pl.'s Response ¶ 6) The Deed of

Trust was recorded on July 6, 2012 and re-recorded on July 11, 2012 with the office of the Recorder of Deeds in St. Louis County, Missouri. (Def.'s SUMF ¶ 7)

The Deed of Trust set forth the details regarding the monthly payment of taxes, insurance, and other charges, as well as grounds for acceleration of debt, specifically upon default by failing to pay the required monthly payments. (*Id.* at ¶¶ 8-9) In addition, the Deed of Trust provided the foreclosure procedure for a borrower in default. (*Id.* at ¶ 10) On June 23, 2014, the Deed of Trust was assigned to Defendant U.S. Bank, which according to Plaintiff was against her knowledge. (Def.'s SUMF ¶ 11; Pl.'s Response ¶ 11)

Plaintiff began making payments on the loan beginning in 2012 and believed she was obligated to make such payments. (Def.'s SUMF ¶¶ 13-14) However, she later believed that she did not have mortgage payments. (Pl.'s Response ¶ 14) In early 2014, Plaintiff was laid off and had difficulty making mortgage payments. (Def.'s SUMF ¶ 15) On April 28, 2014, Plaintiff sent a letter to U.S. Bank stating that she would not be making mortgage payments for the months of April, May, or June, requesting that the payments be deferred to the end of the loan. (Def.'s SUMF ¶ 16; Pl.'s Statement of Facts ["SOF"] ¶5, ECF No. 44) On February 9, 2015, Plaintiff completed a loss mitigation application to apply for a modification of her mortgage. (Def.'s SUMF ¶ 17) Plaintiff was approved for a HAMP modification in May of 2015; however, she did not execute the trial modification package or make trial payments. (*Id.* at ¶ 18) Plaintiff contends that the trial payments were not affordable. (Pl.'s SOF ¶ 6)

Plaintiff failed to make the required monthly payments for April 2014 to June 2014, November 2014 to February 2015, and April 2015. (Def.'s SUMF ¶ 19) In addition, she made partial payments from July 2014 to October 2015, March 2015, and May 2015, but she did not remit the full amount due or the amount required to bring her account current. (Def.'s SUMF ¶¶

2

20-21) Plaintiff disputes that she defaulted and claims that her payments were returned to her and not applied to the loan. (Pl.'s SOF ¶¶ 7, 11)

On August 12, 2015, U.S. Bank appointed SouthLaw as Successor Trustee. (Def.'s SUMF ¶ 22) On October 15, 2015, SouthLaw sent a Notice of Trustee's Sale to Plaintiff by certified mail, notifying her of a foreclosure sale for the Property scheduled on November 5, 2015. (*Id.* at ¶ 23) The St. Louis City Monitor published the Notice of Trustee's Sale for 21 consecutive days from October 16, 2015 to November 5, 2015. (*Id.* at ¶ 26) On November 5, 2015, SouthLaw conducted a foreclosure sale of the Property, which Defendant U.S. Bank purchased for $55,480.00 and received a Trustee's Deed under Sale. (*Id.* at ¶¶ 27, 29) Plaintiff did not attend the foreclosure sale or attempt to reinstate her account. (*Id.* at 28) However, she contends that she did not receive Notice of the Trustee's Sale and was unaware of the foreclosure sale date. (Pl.'s SOF ¶¶ 9-10)

On December 19, 2016, Plaintiff filed a Petition in state court for Wrongful Foreclosure and Wrongful Unlawful Detainer, which the Defendant removed to federal court on January 10, 2017. (Def.'s SUMF ¶ 30) The Court dismissed Plaintiff's claim for Unlawful Detainer on February 9, 2017. Plaintiff believes that the United States should have been making mortgage payments to U.S. Bank. (*Id.* at ¶ 32) Plaintiff brings her suit in equity, seeking an order setting aside the foreclosure and awarding punitive damages and attorney's fees. (ECF No. 4 p. 2)

## II. Legal Standard

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed. R. Civ. P. 56(c)(2)). "At the summary judgment

stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988); *see also Torgerson*, 643 F.3d at 1042. To meet this burden, the movant must inform the district court of the basis for the motion "and must identify 'those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the movant meets this burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec.*, 475 U.S. at 587). Conclusory allegations are insufficient to establish a material question of fact required to defeat summary judgment. *Boude v. City of Raymore, Missouri*, 855 F.3d 930, 935 (8th Cir. 2017); *Quinn v. St. Louis Cty.*, 653 F.3d 745, 752 (8th Cir. 2011).

### III. Discussion

U.S. Bank asserts that Plaintiff is unable to show that she is entitled equitable relief for wrongful foreclosure because Plaintiff was in default under the terms of the Note and the Deed

4

of Trust, and U.S. Bank provided Plaintiff with proper notice of the foreclosure. "The term 'wrongful foreclosure' has been used both in relation to suits in equity as a ground to set aside a sale and suits at law as a ground to recover tort damages." *Dobson v. Mortg. Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Under Missouri law, "what constitutes a 'wrongful foreclosure' sufficient to set aside a sale and what constitutes a 'wrongful foreclosure' sufficient to recover damages in tort are not the same." *Id.* "A wrongful foreclosure action seeking damages requires plaintiff to prove that he was not in default and, thus, there was no right to foreclose on the property." *Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1037 (8th Cir. 2014) (citing *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 572 (Mo. Ct. App. 2009)). "A plaintiff must 'plead and prove such compliance with the terms of the deed of trust as would avoid lawful foreclosure.'" *Dobson*, 259 S.W.3d at 22 (quoting *Spires v. Lawless*, 439 S.W.2d 65, 71 (Mo. Ct. App. 1973)).

With respect to wrongful foreclosure in equity, "'[i]f the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside.'" *Berrigner v. JPMorgan Chase Bank, N.A.*, 16 F. Supp. 3d 1044, 1049 (E.D. Mo. 2014) (quoting *Dobson*, 259 S.W.3d at 22). "'A mortgagor [ ] can invoke the aid of equity to set aside a foreclosure sale only if fraud, unfair dealing or mistake was involved in the trustee's sale.'" *Ice v. IB Prop. Holdings, LLC*, No. 09-3232-CV-S GAF, 2010 WL 1936175, at *3 (W.D. Mo. May 13, 2010) (quoting *Am. First Fed., Inc. v. Battlefield Ctr., L.P.*, 282 S.W.3d 1, 8-9 (Mo. Ct. App. 2009)).

Here, Plaintiff alleges that she did not receive notice or have knowledge of the foreclosure sale of the Property prior to the sale date, thus rendering the sale void.[1] However, the undisputed facts show that SouthLaw, on behalf of Defendant U.S. Bank, sent a certified letter to Plaintiff on October 15, 2015, indicating that Plaintiff was in default and that a Trustee Sale was scheduled for November 5, 2015. (Def.'s Ex. L, ECF No. 41-13) The letter, sent 21 days prior to the scheduled sale date, contained a Notice of Trustee's Sale as required by Mo. Rev. Stat. § 443.325.3.[2] (*Id.*) While Plaintiff argues that the foreclosure was defective because she did not receive notification of the foreclosure date, actual receipt of the Notice of Trustee's Sale is not necessary to establish compliance with the notice requirements under Missouri law. Mo. Rev. Stat. § 443.325.3(4). Instead, "[r]ecording of receipt issued by the United States Post Office for certified or registered mail to evidence that said envelope has been delivered by the sender to the United States Post Office shall constitute proof of compliance with notice requirements of subsection 3." *Id.*

---

[1] In her response, Plaintiff acknowledges that her suit for wrongful foreclosure is one in equity, and her Complaint alleges only that she did not receive proper notice. (Pl.'s Mem. in Opp. pp. 4, 5; ECF No. 4 ¶¶ 7-8) However, she asserts for the first time in her Memorandum in Opposition to the Motion for Summary Judgment that she was not in default. The Court finds that this argument is not properly before the Court because she failed to plead in her Complaint that she was in compliance with the terms of the deed of trust, as required for a wrongful foreclosure claim for damages. *See Powell v. Johnson*, 855 F. Supp. 2d 871, 874 (D. Minn. 2012) (declining to address a claim raised for the first time in the response to a motion for summary judgment); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (stating that a complaint may not be amended by briefs in opposition because holding otherwise would mean that a party could unilaterally amend a complaint at will merely by raising a point in a brief).

[2] Under Mo. Rev. Stat. 443.325.3, "[i]n the event of foreclosure under a power of sale, the foreclosing mortgagee or trustee shall, not less than twenty days prior to the scheduled date of the sale, cause to be deposited in the United States mail an envelope certified or registered, and with postage prepaid, enclosing a notice containing the information required in the published notice of sale referred to in section 443.320."

Nowhere in Plaintiff's Complaint or in her response in opposition to the motion for summary judgment does Plaintiff claim that the notice failed to comply with Missouri law. Instead, the only defect cited by Plaintiff pertains to *receipt* of the notice. However, "[s]imply asserting that [she] has not received notice is insufficient to preclude summary judgment, as the statute makes it clear that actual receipt of notice is not required." *Lackey*, 747 F.3d at 1039. Here, Defendant has provided the certified mail receipt indicating that notice was sent through the U.S. Postal Service, along with the Notice of Trustee's Sale containing all required information under Mo. Rev. Stat. § 443.320. (Def.'s Ex. L) In addition, Defendant has submitted the Trustee's Deed under Sale setting forth the facts as to the default, notice, advertisement, and sale of the Property. (Def.'s Ex. M, ECF No. 41-14) Plaintiff, on the other hand, has provided no evidence demonstrating that the foreclosure sale was conducted improperly or that Defendant U.S. Bank failed to meet the statutory notice requirements. *See Lackey*, 747 F.3d at 1039 (finding no genuine issue of material fact existed where the Trustee's Deed stated that the foreclosure sale was conducted in compliance with governing statutes, and the plaintiff "failed to provide any 'clear and satisfactory' evidence rebutting the recitals that notice was mailed"). Therefore, the Court finds that no genuine issue of material fact exists on Plaintiff's equitable wrongful foreclosure claim, and summary judgment in favor of Defendant U.S. Bank is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant U.S. Bank's Motion for Summary Judgment (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as **MOOT.**

A separate Judgment will accompany this Memorandum and Order.

Dated this 23rd day of July, 2018.

                                                                                     */s/ Ronnie L. White*
                                                                                     **RONNIE L. WHITE**
                                                                                     **UNITED STATES DISTRICT JUDGE**